

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00502-CV

**IN THE INTEREST OF N.J.E., JR.**, N.J.E., E.M.E., and E.J.E.

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2020PA01973
Honorable Kimberly Burley, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: April 27, 2022

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant G.E. appeals the trial court's order terminating her parental rights to her children
N.J.E., Jr., N.J.E., E.M.E., and E.J.E. G.E.'s court-appointed appellate counsel filed a motion to
withdraw and a brief containing a professional evaluation of the record, concluding there are no
arguable grounds for reversal of the termination order. The brief satisfies the requirements of
*Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016)
(per curiam) (recognizing that *Anders* procedures apply in parental termination cases).
Additionally, counsel represents that she provided G.E. with a copy of the brief and the motion to
withdraw, advised G.E. of her right to review the record and file her own brief, and informed G.E.
how to obtain a copy of the record, providing her with a form motion for access to the appellate

record. We issued an order setting a deadline for G.E. to file a pro se brief. However, G.E. did not request the appellate record or file a pro se brief.

After reviewing the appellate record and appointed counsel's brief, we conclude no plausible grounds exist for reversal of the termination order. Accordingly, we affirm the trial court's termination order. We deny counsel's motion to withdraw because it does not show good cause for withdrawal. *See id.* at 27 & n.7 (holding that counsel's obligations in a parental termination case extend through exhaustion or waiver of all appeals and that withdrawal should be permitted by a court of appeals "only for good cause" (citing TEX. R. CIV. P. 10)).

Beth Watkins, Justice